Argued May 22, affirmed June 11, 1974

## SHELTO, *Petitioner, v.* OREGON CORRECTIONAL INSTITUTION, *Respondent.*

523 P2d 568

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Scott McAlister, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Petitioner-inmate, following a disciplinary hearing held pursuant to ORS 421.180 through 421.195, appeals from the resulting order, alleging three assignments of error.

■ His assignments relating to violations of his constitutional rights to appointed legal counsel and to confrontation by and cross-examination of witnesses (US Const amend XIV) were adversely decided in *Bonney v. OSP,* 16 Or App 509, 519 P2d 383 (1974).

Petitioner next contends the committee failed to follow its own rules (Procedures for Disciplinary Action), specifically Rule IV (8). Summarized, this states that the record of the hearing shall include a showing that the resident was informed of his rights to representation under certain circumstances, Rule IV (2), and his "right to submit questions to be posed by the committee to the person charging or other person." Rule IV (4).

The Resident Misconduct Report filed in the record of this matter shows, after reciting the acts charged, the following:

"* * * * *

"Copy delivered to resident by: /s/ J. Jackson
at 11:00 a.m., 1/16/74                    (signature)
    (time and date)

"* * * * *

"At hearing, resident may: (1) Be assisted/represented by Ombudsman or other staff member, upon request, or by direction of the Committee

Chairman; (2) Submit specific questions, orally or in writing, to be posed to any person; (3) Submit testimonial or evidentiary documents or physical evidence in his behalf.

"* * * * *"

■ Thus it is clear that the petitioner did receive notice in accordance with the rules, and that he was adequately informed of the rights in question, as the rules require.

Action by this court in review of disciplinary proceedings is limited under ORS 421.195 to the authority granted in ORS 183.480 (7)(a) through (d). Petitioner directs our attention in his final contention, namely that the punishment imposed is excessive, to nothing in the punishment here imposed which violates any statute or rule of the Corrections Division.

The order is affirmed.